IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**STEVEN A. SPEAR,**

    Petitioner,

v.                                       Case No. 4:18cv131-MW/CAS

**SECRETARY, DEPARTMENT
OF CORRECTIONS,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO TRANSFER § 2254 PETITION

Petitioner Steven A. Spear, a state inmate proceeding po se, has filed a "Motion Actual Innocence," opened by the Court as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.   ECF No. 1.   Petitioner has not paid the filing fee or submitted a motion for leave to proceed in forma pauperis.

Petitioner Spear is currently incarcerated at the Wakulla Correctional Institution, in Crawfordville, Florida, which is located in the Northern District of Florida.   See ECF No. 1; 28 U.S.C. § 89(a).   In his § 2254 petition, he challenges a state court conviction and sentence entered by the Twelfth Judicial Circuit, in and for Manatee County, which is located in the Middle District of Florida.   See ECF No. 1; 28 U.S.C. § 89(b).   See also Inmate

Population Detail at www.dc.state.fl.us.

Jurisdiction is appropriate in the district of confinement and the district of conviction. 28 U.S.C. § 2241(d) (providing that state prisoner may file habeas petition in district where he was convicted and sentenced or in district where he is incarcerated). In this case, however, because the district of conviction appears to be the most convenient and appropriate venue, this petition should be transferred to the United States District Court for the Middle District of Florida, Tampa Division. *Id.*; M.D. Fla. R. 1.02(b)(4). *See* Byrd v. Martin, 754 F.2d 963, 965 (11th Cir. 1985); Parker v. Singletary, 974 F.2d 1562, 1582 (11th Cir. 1992).

It is therefore respectfully **RECOMMENDED** that the case file, including any service copies and pending motions, be **TRANSFERRED** to the United States District Court for the Middle District of Florida, Tampa Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on March 9, 2018.

> **S/ Charles A. Stampelos**
> **CHARLES A. STAMPELOS**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 4:18cv131-MW/CAS